919 F.2d 143
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan MENDENHALL, Defendant-Appellant.
 No. 90-1759.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 26, 1990.
 
 Before WOOD, JR., CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant Alan L. Mendenhall pleaded guilty to bank robbery. That plea, however, was conditioned upon the court's ruling regarding his motion to suppress evidence. The sole issue on appeal is whether the district court properly held that evidence obtained by FBI agents was not the product of an unconstitutional search.
 
 
 2
 On October 13, 1989, FBI agents Young and Rook were informed that a bank robbery had occurred at the M & I Bank of Hilldale. The agents interviewed employees of the bank and they described the perpetrator as a white male in his late 20's with a scraggly beard, long greasy hair and wearing a blue hat, grey jacket, blue jeans, and a bandaid on his middle finger. The employees also stated that the bank robber appeared to be under the influence of drugs or alcohol, and that they last saw him heading south by foot. The agents obtained a picture from the bank which showed the profile of the man and confirmed the colors of his clothes.
 
 
 3
 They then proceeded to the Wexford Ridge apartment complex because a bank robber in a different case had been found there and it was a known hang-out for drug users and dealers. The agents showed the picture of the bank robber to the manager of the complex and to a woman in the office, but neither was able to identify the man. As they were leaving the complex, the agents saw a man that generally fit the description walking through the parking lot. The man had long greasy hair, a scraggly beard, blue jeans and a blue cap; however, he also had glasses and a black jacket, and did not have a bandaid on his finger. The agents called to the man, but he continued walking without any acknowledgment of their presence. The agents caught up to him shortly, at which time they said they wanted to talk with him and ordered him to remove his hands from his pocket. The suspect did so and gave the agents his first name, but then began reaching with his left hand into the right side of his coat near the waistband. Agent Young reached over and pulled his hand or wrist away from the coat, and either pulled the coat open or the coat flew open as a result of the action. At that time, both agents observed the bag from the bank, and Mendenhall was placed under arrest.
 
 
 4
 Mendenhall argues that the agents exceeded the scope of a Terry stop when Agent Young pulled his coat open. See Terry v. Ohio, 392 U.S. 1 (1968). He also asserts that the search cannot be justified as pursuant to an arrest because the agent lacked probable cause to search him.
 
 
 5
 Even considering the facts in the light presented by defendant, the actions in this case constituted a permissible Terry stop. The agents' initial attempt to speak with Mendenhall did not have to be based upon any suspicion because Mendenhall was clearly free to leave. In fact, Mendenhall did not stop when the agents called to him, but simply kept walking. The encounter escalated to a Terry stop when the agents caught up with Mendenhall and told him to remove his hands from his pocket. At that point, however, the agents had reasonable articulable suspicion because Mendenhall closely matched the description of the bank robber. Mendenhall had long greasy hair, a scraggly beard, a blue baseball cap, and blue jeans, and was of the same race, height, weight and approximate age of the bank robber. The apartment building at which he was located was in the same direction from the bank that the bank robber walked after the robbery, and was known to harbor drug activity. The only aspect of the description that did not match at first glance was the color of the jacket and the glasses, although the agents later discovered that the jacket was reversible. Based upon that congruence,[1] the agents possessed reasonable suspicion sufficient to justify the stop.
 
 
 6
 Pursuant to a valid Terry stop, agents or officers may conduct a reasonable search for weapons for their own protection if they have reason to believe that the suspect may be armed and dangerous. Terry, 392 U.S. at 27. In this case, the bank robber had indicated in the note handed to the teller that he had a gun, and the agents were therefore justified in believing that the Mendenhall was armed. Mendenhall would have this court hold that agents may frisk suspects, but may not stop suspects from reaching for weapons before the agents have a chance to frisk them. When Mendenhall reached toward the inside of his coat near the waistband, the agents quite reasonably believed that he was reaching for a weapon. Whether the agents prevented that action by grabbing his hand or pulling open the coat is irrelevant, because either response is a reasonable attempt to ensure that the suspect does not draw a weapon on the agents. See United States v. Glenna, 878 F.2d 967, 972 (7th Cir.1989) (even the use of handcuffs may be permissible during a Terry stop). Terry clearly allows agents to take minimal actions to protect themselves from possible danger posed by the suspect, and the agents did not exceed the scope of that power in this case. Terry, 392 U.S. at 277.
 
 
 7
 Therefore, the agents' actions were justified at inception based upon the description provided at the bank, and the investigative stop was reasonably related in scope to the circumstances which justified the stop. United States v. Glenna, 878 F.2d 967, 971 (7th Cir.1990). Because the actions of the agents are thus justified under Terry, we need not determine whether the agents also had probable cause to arrest Mendenhall before he reached inside his coat, which would justify the agents' actions as a search pursuant to an arrest.
 
 
 8
 Accordingly, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The refusal of Mendenhall to stop when called by the agents should not be used as a basis for reasonable articulable suspicion, because the consensual encounter is unprotected by the Fourth Amendment precisely because the suspect may freely leave. Any contrary approach would bootstrap the Terry standard with the consensual encounter. See United States v. Sterling, 909 F.2d 1078, ---- (7th Cir.1990) (decrying the choice between staying and inculpating one's self or departing and providing reasonable suspicion)